UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 151-2 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| TYREE CRAIG | ) | |

**GOVERNMENT'S SUPPLEMENTAL FILING AS TO SENTENCING**

The UNITED STATES OF AMERICA, by its attorney ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby submits this Supplemental Filing as to Sentencing as to defendant Tyree Craig. As directed by the Court at the April 28, 2016 status hearing, this filing will address the following: (a) whether Craig's 2005 conviction qualifies as a crime of violence within the meaning of the career offender Guidelines set forth at § 4B1.1; (b) the government's position regarding whether the base offense level under § 2B3.1(a) should be increased by three levels or by five levels based on the type of firearm used in the offense conduct; and (c) Craig's advisory Guidelines calculation were the Court to determine that he is not a career offender.

**The 2005 Conviction is a Crime of Violence Under §4B1.2(a)(1)**

As concluded by the PSR, defendant is a career offender under Guidelines § 4B1.1. In addition to his crime of violence conviction for the instant offense, defendant has two prior qualifying felony convictions – (1) a crime of violence conviction for 'Resisting/Obstructing a Peace Officer Causing Injury' in Case No.

1

05CR8191; and (2) a controlled substance offense conviction arising from Case No. 04CR10297. PSR 23. In his sentencing submission, defendant concedes that the controlled substance offense conviction arising from Case No. 04CR10297, qualifies as one predicate offense. Memo at 10. ("Craig concedes that his prior conviction for distribution of a controlled substance constitutes one qualifying career offender predicate...").[1]

As set forth in defendant's sentencing memorandum, the term crime of violence for purposes of the career offender provision is defined as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). The parties agree that subpart (2) does not apply because the prior felony conviction for 'Resisting/Obstructing a Peace Officer Causing Injury' is not one of the enumerated offenses (burglary of a dwelling, arson, extortion or one involving explosives), and the Supreme Court recently held identical residual clause language in the Armed Career Criminal Act – "otherwise involves conduct that presents a serious potential risk of physical injury to another" – unconstitutional. *Johnson v. United States*, 135 S.Ct. 2561 (2015). The Seventh Circuit has

---

[1] According to the PSR, Craig has several other felony and misdemeanor convictions for drug offenses, none of which qualify as a controlled substance offense as defined by Guidelines § 4B1.2(b).

concluded that the reasoning in *Johnson* applies to the career offender provision of the Guidelines. *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015).

Thus, defendant's prior conviction for 'Resisting/Obstructing a Peace Officer Causing Injury' may only qualify as a crime of violence under the so-called "force" provision of § 4B1.2(a)(1), that is, if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court clarified that courts should use the "formal categorical approach" for determining when a defendant's prior conviction counts as one of the Armed Career Criminal Act's predicate offenses. *Id.* at 600. The Seventh Circuit also applies this approach to the career offender guidelines. *See Ramirez*, 799 F.3d at 856. Under this approach, "[s]entencing courts must only look at the elements of the statute of the defendant's prior convictions, and not the particular facts underlying those convictions." *Dawkins v. United States*, 809 F.3d 953, 956 (7th Cir. 2016).

As set forth in the attached state court indictment for Case No. 05CR8191, on April 15, 2005, defendant was indicted with three crimes. *See* Case No. 05CR8191, Indictment, attached as Ex. A, at 3. Count Three charged him with "Resist/Obstruct Officer/Injury" in violation of ILCS 720-5/31-1(A-7). *Id.* On June 21, 2005, defendant pled guilty to Count Three and on that same day he was sentencing to one year imprisonment in the Illinois Department of Corrections. *Id.* at 1-2. Counts One and Two were dismissed as "Nolle Prosequi." *Id.* at 2.

3

> The text of ILCS § 720-5/31-1 (a-7) reads as follows:
>
> Resisting or obstructing a peace officer or correctional institution employee.
> (a) A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer or correctional institution employee of any authorized act within his official capacity commits a Class A misdemeanor. . . .
>
> (a-7) A person convicted for violation of this Section whose violation was the proximate cause of an injury to a peace officer is guilty of a Class 4 felony.

720-5/31-1 (a-7).

Earlier this year, an Illinois state court clarified that to convict a defendant "under section 31–1(a–7), the State must prove beyond a reasonable doubt that defendant knowingly resisted or obstructed an officer in the performance of an authorized act *and his violation proximately caused an injury to the officer*." (emphasis added) *State v. Jenkins*, -- N.E.2d --, 2016 WL 631939 (IL App (1st), Feb. 16, 2016). In *Jenkins*, the defendant was charged with a violation of 720-5/31-1 (a-7), but at trial, the issue of whether he proximately caused the officer's injury was never submitted to the jury. *Id.* at *5. The court of appeals reversed and remanded for a new trial, concluding that "proof of the proximate cause of injury element elevates the conviction from a Class A misdemeanor to a Class 4 felony. Although defendant was charged and ultimately convicted of the felony, the instructions given to the jury did not include the proximate cause of injury element. The failure to instruct the jury on an element of the offense was error." *Id.*

4

Thus, under *Jenkins* and the "formal categorical approach" this Court must employ, a violation of 720-5/31-1 (a-7) requires proof of proximately caused injury to the officer as an element of the offense. This, in turn, satisfies the force provision of § 4B1.2(a)(1), because proof of injury is an element of the crime, which necessarily involves the use or threatened use of physical force against another. At least one district court has held that crimes that "require that the defendant intentionally causes any injury to any person … necessarily involves the use of force against that person," even when the statute at issue does not specifically use the word force. *Rucker v. United States*, 2015 WL 9478216 at *2 (N.D. Ill. Dec. 29, 2015).

Defendant's reliance on *People v. Baskerville*, 963 N.E.2d 898, 2012 IL 111056 (Ill. 2012), compels no different result. In *Baskerville*, the Illinois Supreme Court considered whether a violation of just 720 ILCS 5/31–1(a) required proof of a physical act. *Id*. at 502. Unlike subpart (a-7) at issue here, a violation of 720 ILCS 5/31–1(a) only, provides that a "person who knowingly resists or obstructs the performance by one known to the person to be a peace officer * * * of any authorized act within his official capacity commits a Class A misdemeanor." The *Baskerville* court held that as to subpart (a), "proof of a physical act is not a necessary element of the offense, and that knowingly furnishing a false statement to an officer may constitute obstruction under section 31–1(a) where the statement interposes an obstacle that impedes or hinders the officer and is relevant to the performance of his authorized duties." *Id*.

5

Of course, *Baskerville* did not consider subpart (a-7); indeed, it considered verbal statements made to an officer as applied to 720 ILCS 5/31–1(a) as a misdemeanor. Conversely, and four years after *Baskerville* was decided, *Jenkins* expressly concluded that a violation of 720-5/31-1(a-7) requires proof of proximately caused injury as an element of the offense. Because it does, the conviction qualifies as a crime of violence within the meaning of § 4B1.2(a)(1) and thus qualifies as a second predicate offense to the application of career offender under § 4B1.1.

**Application of § 2B3.1(a)(2) Based on the Type of Weapon**

In its original sentencing submission, the government side-stepped the question of whether the base offense level of 20 under § 2B3.1(a) should be increased by three levels or five levels under § 2B3.1(b)(2) based on the type of weapon used in the offense of conviction and stipulated offenses. Gov't Sent. Memo at n.2. The government did so because of its position that Craig is a career offender, meaning that the offense level calculation under § 2B3.1 is of no consequence once Guidelines § 4B1.1 is applied. This remains the government's position for the reasons above.

Guidelines § 2B3.1(b)(2) calls for different enhancement levels depending on whether a BB gun or a firearm was brandished during the offense. Under Guidelines § 1B1.1, a BB gun is a dangerous weapon but is not a firearm,[2] and thus

---

[2] *See* 1B1.1, App. 1(D) and 1(G) ("A weapon, commonly known as a "BB" or pellet gun, that uses air or carbon dioxide pressure to expel a projectile is a dangerous weapon but not a firearm.")

under § 2B3.1(b)(2)(E), a three-level increase is warranted. If an actual firearm was brandished, a five level enhancement applies. § 2B3.1(b)(2)(C).

The PSR concludes that a five-level enhancement is appropriate under § 2B3.1(b)(2) because co-defendant Jacobi Pickett admitted in his plea agreement that actual firearms were brandished during the robberies in which he and defendant participated. PSR 8. This is true and the government agrees that, during the course of the robbery spree, Craig and Pickett used at least one real firearm as well as a BB gun.

Ordinarily, the government would advocate for a five-level enhancement under § 2B3.1(b)(2)(C). In order to do so, the government would be required to establish by a preponderance of the evidence at sentencing which of the 8 robberies involved a real firearm and which involved a BB gun. Undoubtedly, this would be difficult given that both a real firearm and a BB gun were recovered over the course of the investigation. Rather than doing so, and in light of its position on the application of the career offender Guidelines, the government respectfully submits that a three-level enhancement under § 2B3.1(b)(2)(E) is appropriate.

This is not to say that a real firearm did not play a part in the offenses of conviction and stipulated offenses. Craig acknowledged that he used at least one firearm when he pled guilty to Count Three of the Superseding Information which charged a violation of § 924(c). And Pickett's admissions in his plea agreement that actual firearms were brandished during the robberies is consistent with the

conclusion that at least one real firearm was used in the robberies. Thus, even though there is no doubt about use of a real firearm in the offense, the government is not seeking a five-level enhancement under § 2B3.1(b)(2)(C) as to this defendant.

**Advisory Guidelines Calculation Without Application of Career Offender**

Finally, the Court requested a calculation of the advisory Guidelines range were the Court to conclude that career offender does not apply.

Under that scenario, defendant's total adjusted offense level would be 25 and when combined with Criminal History Category VI, the resulting advisory Guidelines range is 110-137 months imprisonment, to run consecutive to the mandatory minimum 7 year term applicable to Count Three. The calculation for this result is set forth below.

**Count One** (October 21, 2013 robbery)

    Base offense level (§ 2B3.1(a))    20

    Dangerous Weapon (§ 2B3.1(b)(2)(E))  +3

**Count Two** (January 10, 2014 robbery)

    Base offense level (§ 2B3.1(a))    20

    § 2B3.1(b)(2) does not apply (*See* App. Note 4 to Guideline § 2K2.4)

**Count Three** (§ 924(c) January 10, 2014 robbery)

    7 year mandatory minimum (§ 2K2.4)

**Stipulated Offenses 1-7** (October-December 2013 robberies)

    Base offense level (§ 2B3.1(a))        20

    Dangerous Weapon (§ 2B3.1(b)(2)(E))   +3

**Grouping § 3D1.2**

    Count 1 – 1 unit (§ 3D1.4(a), Offense Level of 23)

    Count 2 – 1 unit (§ 3D1.4(a) – 3 levels less serious than Count 1)

    Stipulated Offenses – 7 units (§ 3D1.4(a) – each equally as serious as Count 1)

    Total Number of Units = 9 units

    Total Number of Levels Added = 5 levels (§ 3D1.4)

| | |
|---|---|
| Highest Offense Level | 23 |
| Number of Levels Added | + 5 |
| Timely Acceptance | - 3 |
| Adjusted Offense Level | 25/VI (110-137 months, plus 7 years) |

                          Respectfully submitted,
                          ZACHARY T. FARDON
                          United States Attorney

                     By:   *s/ Lindsay C. Jenkins*
                          LINDSAY C. JENKINS
                          Assistant United States Attorney
                          219 South Dearborn, Room 500
                          Chicago, Illinois 60604
                          (312) 353-5300

May 12, 2016